

FILED

JUL - 9 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 18-58-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PRELIMINARY ORDER OF FORFEITURE |
| MAURICE JOSEPH FREGIA, CHAD ALLEN BERES, CHRISTOPHER SCOTT HURST, and LARRY BENJAMIN BARNETT, | |
| Defendants. | |

WHEREAS, in the indictment in the above case, the United States sought forfeiture of any property of the above-captioned person, pursuant to 21 U.S.C. § 853, as property used or intended to be used to facilitate the violations alleged in the indictment, or as proceeds of said violations;

AND WHEREAS, on December 13, 2018, the defendant Christopher Scott Hurst entered pleas of guilty to count II of the indictment charging possession with

1

intent to distribute methamphetamine, and count III of the indictment charging possession of a firearm in furtherance of a drug trafficking crime;

AND WHEREAS, on April 2, 2019, the defendant Larry Benjamin Barnett entered pleas of guilty to count II of the indictment charging possession with intent to distribute methamphetamine, and count III of the indictment charging possession of a firearm in furtherance of a drug trafficking crime;

AND WHEREAS, on April 9, 2019, the defendant Chad Allen Beres entered pleas of guilty to the indictment charging him in count I with conspiracy to possess with the intent to distribute methamphetamine, in count II with possession with intent to distribute methamphetamine, and in count III with possession of a firearm in furtherance of a drug trafficking crime;

AND WHEREAS, on March 3, 2020, the defendant Maurice Joseph Fregia, was found guilty by jury trial of count I charging him with conspiracy to possess with the intent to distribute methamphetamine, of count II charging him with possession with intent to distribute methamphetamine, and of count III charging him with possession of a firearm in furtherance of a drug trafficking crime;

AND WHEREAS, defendants Hurst, Barnett, and Beres pled true to the forfeiture allegation and defendant Fregia was found guilty by verdict, that as a result of the offenses charged in the indictment, the defendants shall forfeit:

- $14,538 in United States currency;
- $1,488 in United States currency;
- A Rolex Watch S/N 1800-3055; and
- Various firearms and ammunition.

AND WHEREAS, by virtue of said guilty pleas and verdict of guilty, the United States is now entitled to possession of the property, pursuant to 21 U.S.C. § 841(a)(1), 21 U.S.C. § 853, and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

ACCORDINGLY, IT IS ORDERED:

1. That based upon the pleas of guilty by defendants Hurst and Barnett to counts II and III, and by defendant Beres to counts I, II, and III contained in the indictment, and the pleas of true to the forfeiture allegation, and the verdict of guilty to counts I, II, and III for defendant Fregia, the United States is authorized and ordered to seize the following property. This property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of to 21 U.S.C. § 853(n)(1):

- $14,538 in United States currency;

- $1,488 in United States currency;

- Rolex Watch S/N 1800-3055;

- Mossberg 802 .22 Rifle S/N HMB3634217;

- H&R 12 gauge shotgun model 1871 S/N NZ752927;

- Ruger M77 7mm rifle S/N 7165961;

- Hi Point 9mm model C9 S/N P1983558;

- J.P. Sauer & Sohn model-SUHL rifle S/N 295825;

- Binelli 12 gauge model Super Black Eagle II S/N U358901;

- Marlin 17v rifle .17 caliber S/N 98639440;

- Springfield Armory .45 caliber S/N NM298724;

- Bushnell Bann II scope;

- Tasco scope;

- 5 rounds 7mm ammunition with stock holder;

- 4 rounds .45 caliber ammunition; and

- .45 caliber magazine.

2. That the aforementioned forfeited property is to be held by the United States in its secure custody and control.

4

3. That, pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a suitable means of general circulation notice of this order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practical, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the preliminary order of forfeiture, as a substitute for published notice as to those persons so notified.

4. That upon adjudication of all third-party interests, this Court will enter a final order of forfeiture, pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED this ___9th___ day of July, 2020.

_Susan P. Watters_
SUSAN P. WATTERS
United States District Judge